393 F.Supp. 1108 (1975)
ROPAT CORPORATION, Plaintiff,
v.
McGRAW-EDISON CO., and Marshall Field & Co., Defendants.
Civ. A. Nos. 74 C 3459, 74 C 205.
United States District Court, N. D. Illinois, E. D.
May 5, 1975.
*1109 Richard R. Trexler, Olson, Trexler, Wolters, Bushnell & Fosse, Ltd., Chicago, Ill., for plaintiff.
James Van Santen, Hill, Gross, Simpson, Van Santen, Steadman, Chiara & Simpson, Chicago, Ill., for McGraw Edison.
Clarence J. Fleming, McDougall, Hersh & Scott, Chicago, Ill., for Marshall Field.

MEMORANDUM OPINION AND ORDER
McLAREN, District Judge.
This matter is before the Court on the motion of the defendant, Marshall Field & Co., for summary judgment.[1] For the reasons set forth below, the motion will be granted.
This action involves alleged infringement of U.S. Letters Patent No. 3,611,910 ('910), a corn popper. (For a complete discussion of the patent, see this Court's prior opinion, Ropat Corp. v. West Bend Co., 382 F.Supp. 1030 (N. D.Ill. [Ropat I] 1974). The defendant claims that the utility '910 patent is invalid because of double patenting, created by the prior award of Design Patent No. 206,674 ('674) to the same inventor four years prior to issuance of the '910 patent.[2] (Both patents are set forth in the appendix.) The '674 patent was issued to the same inventor and was assigned, along with the '910 patent, to the plaintiff.
The first issue is the appropriateness of summary judgment. The Court believes that the standards it set forth in Ropat I, at 1033-34, are applicable here. The devices are simple and there are no real factual disputes. Further, the parties have not challenged the Court's ability to determine the issues at *1110 this stage. It is now necessary to briefly discuss the two patents.
The '674 patent shows the design for a corn popper. The '910 patent describes a corn popper which operates in a particular manner. See Ropat I, supra at 1031-33. Figure 1 of both patents describes devices identical in appearance. Figure 3 of both patents shows the exact same view from the top, and Figure 4 shows a side view. See Appendices A and B. The '674 patent was not cited by the examiner in the '910 patent.
Under the judicially-created doctrine of double patenting, a prior design patent can invalidate a later-issued utility patent. See Application of Thorington, 418 F.2d 528 (CCPA 1969). The doctrine was created to prevent the extension, beyond its lawful limits, of the patent monopoly. The doctrine further recognizes that double patenting can be of the "same invention" type or "obviousness" type. Id.
Under the "same invention" test, it is necessary that the features producing the novel aesthetic effect in the design patent are the same which produce the novel structure in the utility. In re Dubois, 262 F.2d 88, 90 (CCPA 1958). The "obviousness" test requires that to sustain the patent, any differences must be patentable, or non-obvious.
In the instant case, it is evident that the same invention is involved. To counter this plaintiff makes several contentions. First, it relies on the presumption of validity. However, since the '674 patent was not cited by the examiner, and plaintiff has provided no evidence from the file wrapper history, the presumption is necessarily weakened. See Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc., 372 F.Supp. 88, 91-92 (E.D.N.Y.1974).
Plaintiff next makes reference to the claims of the utility patent and attempts to prove that certain elements are not present in the design patent. Plaintiff refers to the fact that a pan to hold the corn is not present, or a heating means, or that the volume of the pan is less than that of a full charge of popped corn or the dome. These elements are not significant however, since the design patent deals with a corn popper, which requires a heating means and requires that the popped corn be placed somewhere. From Figure 1 of the '674 patent it is evident that the corn is placed inside the base, since the drawing shows that the dome is removable.
The final major point raised by plaintiff is crucial to the Court's determination. The important element of the invention is that the popper can be inverted, the base removed and the corn served in the dome. Plaintiff asserts that nowhere in the design patent is this disclosed.
However, if one looks at the design patent one finds that this important feature is disclosed. One need only ask: How do you get the popcorn out after it is popped?" to realize that this can only be accomplished by inverting the popper and removing the corn in the dome. This is evident from the method in which the dome is removed and in the flat construction of the top of the dome. In more legal terms, the utility patent invention is inherent in the design of the design patent. This being the case, the two inventions are identical. See In re Thorington, supra.
Nor can plaintiff find solace in cases such as In re Swett, 451 F.2d 631 (CCPA 1971); In re Dubois, supra; Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc., supra; or Regent Jack Mfg. Co. v. United States, 292 F.2d 868 (CCPA 1961). In each of those cases *1111 the utility patent was not interrelated to the design but was susceptible of many different appearances, which were often documented in the utility patent itself. In the instant case it is clear that the inventions are the same and even if there were alternative appearances available, they would at best be mere equivalents and obvious changes. The utility patent here depends on its design to create invention.
The foregoing analysis applies to all of the claims of the '910 in issue. This being so, there is double patenting, which requires a finding that the claims in issue of the second patent, the '910, are invalid. Accordingly, the motion for summary judgment is granted. Defendant will file a proposed judgment order within ten (10) days of the date of this opinion.
It is so ordered.
 *1112 *1113 *1114 *1115
NOTES
[1] This case is one of several consolidated cases involving the same patent. The defendant in 74 C 205, McGraw Edison Co., has joined in this motion.
[2] The '910 patent was filed on January 17, 1966, and granted on October 12, 1971. The '674 patent was filed on November 8, 1965 and was granted a patent term of 14 years on January 10, 1967.